

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00232-CR

_____

NATHANIEL BRADLEY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F19-2488-16

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant Nathaniel Bradley, pursuant to a plea bargain, pled guilty to the felony offense of burglary of a habitation, *see* Tex. Penal Code Ann. § 30.02, and was placed on eight years' deferred adjudication community supervision. In June 2022, the State filed a motion to proceed with adjudication of guilt in which it alleged that Bradley had committed numerous violations of the terms of his community supervision. At the revocation hearing, Bradley pled "true" to violating the terms of his community supervision,[1] and the trial court adjudicated him guilty. During the punishment phase of the hearing, the State called one witness—Bradley's parole officer—and Bradley called two witnesses—the mother of Bradley's children and Bradley himself. After considering the witnesses' testimony, the presentence investigation report, and the contents of the court's file, the trial court sentenced Bradley to eight years' incarceration. This appeal followed.

On appeal, Bradley's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief reflecting that counsel has determined, after examining the appellate record, that no arguable grounds for appeal exist. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*, which requires presenting a professional

---

[1]At the revocation hearing, the State abandoned the first three alleged violations set forth in its motion to proceed with adjudication of guilt. Bradley pled "true" to the remaining fourteen alleged violations.

evaluation of the entire record in the case demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. We have independently examined the record, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Although provided the opportunity to seek a copy of the appellate record and file a pro se response, Bradley declined to do so. Likewise, the State did not file a response to the *Anders* brief.

After carefully reviewing the record and counsel's brief, we have determined that the $500 fine reflected in the judgment should be deleted. As counsel's brief correctly points out, the trial court's oral pronouncement at the revocation hearing controls. *See Taylor v. State*, 131 S.W.3d 497, 500–02 (Tex. Crim. App. 2004). Because the trial court did not orally assess a fine as part of Bradley's sentence when adjudicating guilt at the revocation hearing, we modify the judgment to delete the $500 fine. *See id.* at 502.

Similarly, we have determined that the $15 "time payment fee" reflected in the bill of costs is premature and should likewise be deleted. *See* Tex. Code Crim. Proc. Ann. art. 102.030(a). The Court of Criminal Appeals recently held that "the time payment fee was designed to be triggered by the finality of the judgment" and that "[t]he pendency of an appeal stops the clock for purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Because Bradley perfected his appeal prior to the thirty-first day following the entry of the judgment, the

3

assessment of the time payment fee was premature.[2]  *See Guevara v. State*, No. 02-21-00069-CR, 2022 WL 1042919, at *4 (Tex. App.—Fort Worth Apr. 7, 2022, no pet.) (mem. op., not designated for publication).  Thus, we strike the time payment fee in its entirety, without prejudice to its being assessed later if, more than 30 days after the issuance of the appellate mandate, Bradley has failed to completely pay any fine, court costs, or restitution that he owes.  *See Dulin*, 620 S.W.3d at 133.

Except for the modifications to the judgment discussed above, we agree with counsel that this appeal is wholly frivolous and without merit.  Our independent review of the record reveals nothing further that might arguably support the appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel's motion to withdraw, modify the trial court's judgment to remove the $500 fine, strike the $15 time payment fee from the bill of costs (without prejudice to its being assessed later), and affirm the judgment as modified.  *See* Tex. R. App. P. 43.2(b); *Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.).

---

[2]To the extent that the time payment fee was levied because Bradley failed to timely pay certain fines, fees, or other court costs assessed in the order deferring adjudication, this was improper because such an order is not a "judgment." *See Turner v. State*, No. 05-19-01493-CR, 2021 WL 3083501, at *2 (Tex. App.—Dallas July 21, 2021, no pet.) (mem. op. on remand, not designated for publication); *see also* Tex. Code Crim. Proc. Ann. art. 102.030(a) (providing that a person must pay a time payment fee if he "pays any part of a fine [or] court costs . . . on or after the 31st day after the date on which a *judgment* is entered assessing the fine [or] court costs" (emphasis added)).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 23, 2023